IN THE COURT OF CRIMINAL APPEALS


OF TEXAS









NOS. 75,005; 75,006; 75,007; 75,008; 75,009







EX PARTE WILLIE EARL ROSE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Per Curiam.



O P I N I O N




 These are post-conviction applications for a writ of habeas corpus filed pursuant to
tex. code crim. proc. art. 11.07. Applicant was convicted of three robberies, aggravated assault of a
public servant, and evading arrest or detention using a vehicle. Punishment, enhanced by two prior
felony convictions, was assessed at twenty-five years imprisonment for two of the robberies, and the
aggravated assault of a public servant; forty years confinement for the third robbery; and twenty years
confinement for the evading arrest and detention. Applicant's appeals were dismissed for want of
jurisdiction. Rose v. State, Nos. 05-03-01483-CR through 05-03-01487-CR (Tex. App.Dallas,
delivered December 9, 2003, no pet.).

 Applicant contends that he was deprived of his right to meaningful direct appeals due to the
ineffective assistance of his counsel. Specifically, Applicant contends that, after he timely informed
counsel that he wished to appeal his convictions, counsel failed to secure his appellate rights. The trial
court has entered findings of fact and conclusions of law, based upon the record, in which it concludes
counsel rendered ineffective assistance on appeal, and recommends that out-of-time appeals be
granted.

 Relief is granted. Applicant is entitled to out-of-time appeals in cause numbers 02-30203-H,
02-01462-H, 02-1463-H, 02-01464-H, and 02-01465-H in the Criminal District Court of Dallas
County. Applicant is ordered returned to that point in time at which he may give written notice of
appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the sentence had been
imposed on the date that the mandate of this Court issues. We hold that should Applicant desire to
prosecute an appeal, he must take affirmative steps to see that written notice of appeal is given within
thirty days after the mandate of this Court has issued.

 

DELIVERED: September 15, 2004

DO NOT PUBLISH